UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **SHANNON CARSON** | **CIVIL ACTION NO. 5: 23-cv-00001** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM RULING**

Pending before this Court is a Motion for Summary Judgment [Doc. No. 35] filed by Defendant USAA Casualty Insurance Company ("USAA"). An Opposition [Doc. No. 39] was filed by Plaintiff Shannon Carson ("Carson") and a Reply [Doc. No. 40] was filed by USAA.

For the reasons set forth herein, USAA's Motion for Summary Judgment is **GRANTED.**

**I.     BACKGROUND**

Carson was involved in a motor vehicle accident on Interstate 20 in Bienville Parish on October 27, 2021. At the time of the accident, Carson was operating an 18-wheeler that was owned by his employer, Senn Freight Lines, Inc. ("Senn"). American Millenium Insurance Company ("American Millenium") provided insurance on the 18-wheeler Carson was driving at the time of the accident. Carson is making an uninsured/underinsured motorists claim against both American Millenium and against Defendant USAA. USAA provided a policy of insurance to Carson for vehicles owned by Carson at his residence in South Carolina.

Both parties agree that South Carolina law applies. Therefore, the issue is whether South Carolina law allows Carson to stack his uninsured/underinsured policy issued by USAA on top of the uninsured/underinsured policy issued by American Millenium.

## II. LAW AND ANALYSIS

### A. Motion for Summary Judgment Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both

parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B. Choice of Law

The accident occurred in Louisiana and was the alleged fault of Jamarcea Washington ("Washington") who is deceased.[1] American Millenium is incorporated and has its principal place of business in New Jersey.[2] Carson is a resident of South Carolina[3] and the policy of insurance was issued in South Carolina by USAA.[4] The parties are in agreement that South Carolina law applies to the USAA policy. This Court agrees. The state where the uninsured/underinsured policy was issued has a more substantial interest in applying its law than the state where the accident occurred. *Garces-Rodriquez v. Geico Indem. Co.;* 209 So.3d 389, 394 (La. App. 5th Cir. 2016); *Collins v. Downes,* 83 So.3d 1 177 (La. App. 4th Cir. 2012); and *Rangel v. Vega-Ortiz*, 200 So.3d.

---

[1] Citizenship unknown.
[2] [Doc. No. 7]
[3] [Doc. No. 1-2]
[4] [Doc. No. 35-3]

1013 (La. App. 3rd Cir. 2016). This Court finds the law of South Carolina applies to the interpretation of the USAA policy.

### C. South Carolina Law

South Carolina law is different than Louisiana law. La. R.S. 22:1295(1)(C) allows the insured to stack uninsured and underinsured motorists' coverage when the insured is driving a non-owned vehicle. Conversely, South Carolina law (S.C. Code, section 38-77-160) does not allow uninsured/underinsured motorists coverage to be stacked if they are a Class II insured but does allow it if they are a Class I insured under the terms of the insurance policy. *Ohio Casualty Ins. Co. v. Hill*, 473 S.E. 2d 843, 845 (S.C. App. Ct. 1996). A Class I insured is an insured or named insured who has a vehicle involved in the subject accident. *Id.* An insured is a Class II insured if none of their vehicles are involved in the accident. *Id.*

### D. Analysis

Carson argues USAA's Motion for Summary Judgment should be denied because there is a question of fact as to whether Carson is a Class I or Class II insured. This Court finds this argument is not viable because there is no question of fact as to this issue. In Carson's deposition[5] he states that the 18-wheeler he was driving at the time of the accident was owned by his employer, Senn. Therefore, because Carson is a Class II insured, there is no material issue of fact in this case and Carson cannot stack the USAA uninsured/underinsured policy.

## III. CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment [Doc. No. 35] filed by USAA is **GRANTED.**

---

[5] [Doc. No. 35-4, p. 50]

4

**MONROE, LOUISIANA** this 20th day of October 2023.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**